**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000656
04-JUN-2020
07:51 AM**

NO. CAAP-18-0000656

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


JERRICO LINDSEY, Petitioner-Appellant,
v.
STATE OF HAWAIʻI, Respondent-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 17-1-0022)
(CR. NO. 1PC-08-1-000643)


<u>SUMMARY DISPOSITION ORDER</u>
(By:  Ginoza, Chief Judge, Hiraoka and Wadsworth, JJ.)

Petitioner-Appellant Jerrico Lindsey (**Lindsey**) appeals from the Order Denying Petitioner's Motion to Withdraw Petition for Post-Conviction Relief Without Prejudice (**Order Denying Withdrawal of Petition**), filed on July 30, 2018, in the Circuit Court of the First Circuit (**Circuit Court**).[1]

On appeal, Lindsey contends the Circuit Court erred by denying his Motion to Withdraw Petition because permission to withdraw his September 18, 2017 Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody (**Petition**) should have been freely given and he was not afforded an adequate opportunity to respond regarding his Petition before it was denied on May 3, 2018.

As an initial matter, the State contends we lack appellate jurisdiction because Lindsey failed to timely appeal from the Order Denying Rule 40 Petition for Post-Conviction

---

[1]  The Honorable Edwin C. Nacino presided.

Relief Without a Hearing, which was filed on May 3, 2018. However, Lindsey does not appeal from the denial of his Petition. Rather, he appeals from the subsequent July 30, 2018 Order Denying Withdrawal of Petition.  Lindsey timely filed a Notice of Appeal on August 21, 2018 from the July 30, 2018 Order Denying Withdrawal of Petition.  Therefore, we have jurisdiction over the appeal.  See Hawaiʻi Rules of Appellate Procedure (HRAP) Rule 4.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Lindsey's points of error as follows:

On appeal, citing HRPP Rule 40(e), Lindsey contends the Circuit Court did not allow him to freely withdraw his Petition and he did not have an opportunity to respond regarding the Petition before it was denied.

The Circuit Court did not err by denying his request to withdraw the Petition.  Lindsey misconstrues HRPP Rule 40(e), which states:

> (e) Amendment and withdrawal of petition.  The court may grant leave to amend or withdraw the petition at any time.  Amendment shall be freely allowed in order to achieve substantial justice.  No petition shall be dismissed for want of particularity unless the petitioner is first given an opportunity to clarify the petition. (Emphasis added).

Where the use of the words "shall" and "may" are used in close juxtaposition, each word carries its ordinary meaning. Pele Defense Fund v. Puna Geothermal Venture, 8 Haw. App. 203, 212, 797 P.2d 69, 73 (1990) (citation omitted).  "May" is discretionary in such a context.  Id.  Thus, the Circuit Court was not required to grant Lindsey's request to withdraw the Petition; withdrawal of the Petition was at the discretion of the Circuit Court.  Thus, on appeal, this court reviews the denial of Lindsey's Motion to Withdraw Petition under an abuse of discretion standard.  "A court abuses its discretion if it clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a

2

party litigant."  <u>State v. Rapozo</u>, 123 Hawaiʻi 329, 336, 235 P.3d 325, 332 (2010) (citation omitted).

After filing his Petition on September 18, 2017, Lindsey had more than seven months to request that it be withdrawn before the Circuit Court issued its order denying the Petition on May 3, 2018.  The Petition was denied ten days after the State filed its Answer on April 23, 2018.  HRPP Rule 40 does specify that a petitioner may file a response to an Answer.  In the Motion to Withdraw Petition, Lindsey did not seek to address the substance of his Petition or the State's Answer.  Rather, he requested to withdraw his Petition so he could formulate arguments and file an amended petition.  The request to withdraw was filed after the Circuit Court had denied the Petition.[2]  Given the record, the Circuit Court did not abuse its discretion by issuing the Order Denying Withdrawal of Petition.

Therefore, IT IS HEREBY ORDERED that the Order Denying Petitioner's Motion to Withdraw Petition for Post-Conviction Relief Without Prejudice, filed on July 30, 2018, in the Circuit Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawaiʻi, June 4, 2020.

On the briefs:                          /s/ Lisa M. Ginoza
                                        Chief Judge
Jerrico Lindsey,
Self-Represented Petitioner-            /s/ Keith K. Hiraoka
Appellant.                              Associate Judge

Brian R. Vincent,                       /s/ Clyde J. Wadsworth
Deputy Prosecuting Attorney,            Associate Judge
for Respondent-Appellee.

---

[2]  Lindsey attaches to his Reply Brief an "Inmate Mail History" which he contends shows he sent his Motion to Withdraw Petition before he received the Order Denying Withdrawal of Petition.  However, this document is not part of the record in this case, and it does not specify the documents being mailed.